UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAKOTA ROMERO,<br><br>　　　　　　Plaintiff,<br>　v.<br>BRIAN BIAGI, et al.,<br><br>　　　　　　Defendants. | Case No. 3:24-cv-00603-ART-CLB<br><br>ORDER |

## I.　DISCUSSION

On August 22, 2025, this Court dismissed Plaintiff's complaint in its entirety for failure to state a claim with prejudice as amendment would be futile. (ECF No. 9 at 10). Plaintiff had tried to sue various deputies, doctors, nurses, and hospital employees at two different hospitals because of their inability to effectively diagnose or treat his vomiting while at the hospital. (ECF No. 5). The Court found that Plaintiff was challenging the quality of his medical treatment which was not a constitutional violation. (ECF No. 9 at 7). The Clerk of the Court closed the case and entered judgment accordingly. (ECF No. 10). The Court also certified that any *in forma pauperis* appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3). (ECF No. 9 at 10).

Plaintiff now files a motion for reconsideration (ECF No. 11) and a motion to inform the court (ECF No. 12).

### A.　Motion for Reconsideration

In the motion for reconsideration, Plaintiff asserts that he used the same claims in his other case, 3:23-cv-623-ART-CSD, and that he wants to join the two cases or at least have the opportunity to amend. (ECF No. 11).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure*

1

1  *v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies Plaintiff's motion for reconsideration. Plaintiff has not presented newly discovered evidence, demonstrated that the Court committed clear error in the initial decision or that the decision was manifestly unjust, or that there was an intervening change in controlling law.

Instead, Plaintiff states that he raised these same claims in a different lawsuit, 3:23-cv-00623-ART-CSD. The Court notes that, in the other lawsuit, Plaintiff is attempting to file an eighth amended complaint. *See* 3:23-cv-00623-ART-CSD at ECF Nos. 108, 108-1. If Plaintiff is attempting to file duplicative lawsuits, he should note that the practice is prohibited. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff).

### B.  Motion to Inform Court

On November 3, 2025, Plaintiff filed a motion to inform the court that he has not received any e-files from the Northern Nevada Correctional Center ("NNCC") law librarian since October 3, 2025. (ECF No. 12). The Court denies

this motion as moot. The last document the Court sent Plaintiff in this case was on September 12, 2025.

**II.    CONCLUSION**

It is therefore ordered that the motion for reconsideration (ECF No. 11) is denied.

It is further ordered that the motion to inform (ECF No. 12) is denied as moot.

No further documents may be filed in this case unless authorized by the various federal civil rules on judicial procedure.

DATED: November 7, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3